CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 26 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHOINE DEWAYNE SMITH,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:17-cv-00046 |
| v. | ) ) ) | MEMORANDUM OPINION |
| BLUE RIDGE REGIONAL JAIL<br>AUTHORITY-LYNCHBURG, et al.,<br>    Defendants. | ) ) ) ) | By: Hon. Michael F. Urbanski<br>Chief United States District Judge |

Anthoine Dewayne Smith, a Virginia prisoner proceeding pro se, filed a verified complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the Blue Ridge Regional Jail Authority-Lynchburg ("Authority"); Timothy Trent, Administrator of the Blue Ridge Regional Jail ("Jail"), Nurse Jones, and Correctional Officers Newland and Gaddy. Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment of the United States Constitution. Defendants filed a motion for summary judgment, to which Plaintiff responded, making this matter ripe for disposition.[1] After reviewing the record, the court grants Defendants' motion for summary judgment.

I.

On February 22, 2016, Newland was driving the Jail's inmate transport van while Gaddy, Plaintiff, and other inmates were passengers. Somewhere between the local courthouse and the Jail, the transport van accidentally struck another vehicle.[2] Newland exited the transport van,

---

[1] The court accepts the timely filed first response in opposition to Defendants' motion (ECF No. 43). Plaintiff filed additional responses without leave of court and without seeking an extension of time to do so (ECF Nos. 47-48). See Fed. R. Civ. P. 6(b)(1); W.D. Va. Civ. R. 11(c)(1). The Supreme Court has made clear that even pro se litigants must follow rules of civil procedure. McNeil v. United States, 508 U.S. 106, 113 (1980); see Cichon v. Exelon Generation Co., L.L.C., 401 F.3d 803, 809-10 (7th Cir. 2005) (recognizing a district court may ignore and not consider additional facts a litigant proposes in violation of court orders or rules of procedure). Accordingly, the court will not consider Plaintiff's unpermitted and untimely responses to the motion for summary judgment.

[2] Plaintiff avers that it was a box truck approaching head on, while Newland and Gaddy aver it was a passing scrape to a parked minvan. The dispute of which vehicle was hit is not material because the evidence is uncontroverted that that collision happened while the transport van was moving at eight miles per hour and that the

inspected it for damage, and spoke with the inmates inside. Plaintiff complained of back pain because his body hit part of the steel cage inside the van upon impact, and Newland drove the transport van back to the Jail approximately five minutes away. Upon arriving, Newland and Gaddy asked the inmates if they needed medical attention at the Jail, and they declined. Plaintiff said he had been "joking" about being hurt. Consequently, Plaintiff was returned to his cell.

The next day, medical staff received Plaintiff's written request complaining that his back was tight. Nurse Jones examined Smith the same day. She noted in the medical record that Plaintiff showed no acute distress and entered the medical department without mobility issues. Plaintiff presented only with verbal complaints of lower back pain, and his lower back showed no signs of bruising, redness, swelling, or deformity. On palpitations to the lower back area, Plaintiff responded, "That hurts." Plaintiff demanded to be taken to a hospital for X rays. Although the injuries appeared minor to Nurse Jones, she decided to keep Plaintiff housed in the more supportive beds in the medical department until the facility doctor could examine Plaintiff.[3] Nurse Jones contacted the doctor, who ordered Tylenol and Flexeril, a muscle relaxer.

Two days after the accident, the facility doctor examined Plaintiff and diagnosed the complaint as lumbar strain. The doctor ordered Tylenol for five more days, Flexeril for ten more days, and for Plaintiff to remain in the medical department for monitoring.

Plaintiff remained in the medical department until March 4. During that time, nurses checked on Plaintiff daily, and he did not complain of pain except about mild soreness on February 27. Nonetheless, Plaintiff did not exhibit suffering pain on other days. For example, on February 24, Plaintiff was conversing with other inmates while on his bed with both legs

---

transport van was able to continue driving to the Jail without issue.
[3] The mattresses in the medical department are adjustable and are thicker and softer than the regular mattresses in other cells.

2

pulled up and bent knees. On February 28, Plaintiff was moving in the cell without complaint. On March 4, Plaintiff told medical staff he was "good" to be released back to general population.

On April 1, 2016, a Jail administrator told Nurse Jones to add Plaintiff to the medical appointment list because Plaintiff filed a form complaining about back pain related to the accident in February. Nurse Jones scheduled the appointment for April 4, 2016. Plaintiff came to medical to be seen but refused to pay the medical fee, stating, "I'm not paying for this. You all aren't doing anything." Plaintiff was transferred away from the Jail on April 4, 2016.

Plaintiff faults Defendants for "fail[ing] to respond reasonably" to his complaint of back pain because he did not receive X rays, an MRI, or a CT scan. Plaintiff concludes that Nurse Jones', Newland's, and Gaddy's acts and omissions constitute the imposition of cruel and unusual punishment. Plaintiff also concludes that Defendants "retaliated" against him for filing administrative grievances.

## II.

Defendants filed a motion to dismiss that presents information outside the pleadings that the court will not exclude. Consequently, the court treats the motion to dismiss as a motion for summary judgment.[4] A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for

---

[4] The parties received reasonable and explicit notice that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial.[5] Id. at 322-24. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

A government official sued under § 1983 may invoke qualified immunity. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The doctrine of qualified immunity 'balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'"

---

[5] Plaintiff's brief response to the motion for summary judgment is merely a brief and is not an affidavit or declaration, and thus, it does not constitute admissible evidence. See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); see also McNeil, 508 U.S. at 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." (internal footnote and quotation marks omitted)); Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer). Consequently, the court refers to the verified complaint, which serves as an affidavit to the extent the allegations are based on personal knowledge and is liberally construed as to legal claims. See, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Causey v. Balog, 162 F.3d 795, 803 n.4 (4th Cir. 1998); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). The "qualified immunity analysis typically involves two inquiries: (1) whether the plaintiff has established the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation." Raub v. Campbell, 785 F.3d 876, 881 (4th Cir. 2015); see In re Allen, 106 F.3d 582, 593 (4th Cir. 1997) ("[A]n official may claim qualified immunity as long as his actions are not clearly established to be beyond the boundaries of his discretionary authority."). A "court may address these two questions in the order . . . that will best facilitate the fair and efficient disposition of each case." Estate of Armstrong v. Vill. of Pinehurst, 810 F.3d 892, 898 (4th Cir. 2016) (internal quotation marks omitted). A plaintiff's claim "survives summary judgment, however, only if [the court] answer[s] both questions in the affirmative." Id.

### III.
#### A.

Plaintiff fails to allege any facts involving Trent and fails to allege that the Authority has an official policy or custom that caused a deprivation of a constitutional right. Neither Trent nor the Authority is liable under a theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Accordingly, Trent and the Authority are entitled to summary judgment.

#### B.

Plaintiff fails to show that Newland, Gaddy, or Nurse Jones was aware of objective evidence from which an inference was drawn that a substantial risk of harm existed, that they drew that inference, and that they failed to respond reasonably to the risk. Accordingly, they are entitled to summary judgment.

5

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment. West v. Atkins, 487 U.S. 42, 48 (1988); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851. A serious medical need is a condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Both medical and non-medical personnel may be deliberately indifferent. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Miltier, 896 F.2d at 851. A non-medical prison official may be deliberately indifferent when the official was personally involved with a denial of treatment, deliberately interfered with a prison

doctor's treatment, or tacitly authorized or was deliberately indifferent to the medical provider's misconduct when even a lay person would understand that the medical provider is being deliberately indifferent. Id. at 854.

Plaintiff's complaint of lower back pain despite an ability to ambulate did not depict a "serious medical need" and does not describe the "type of barbaric treatment the Eighth Amendment was intended to prevent." Snipes v. DeTella, 95 F.3d 586, 591-92 (7th Cir. 1996); see Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996) (stating that minor aches and pains do not rise to the level of a serious medical need). Plaintiff fails to demonstrate, objectively and in a light most favorable to him, that an alleged acute injury treated with rest, Tylenol, and Flexeril constitutes a significant physical injury. See Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986) (recognizing (a serious medical need "usually [involves] loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain").

Plaintiff fails to establish Newland's or Gaddy's deliberate indifference related to the purported one-day delay for a medical examination.[6] See, e.g., Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("An Eighth Amendment violation only occurs, however, if the delay results in some substantial harm to the patient."). The evidence is not disputed that Plaintiff told Newland and Gaddy upon arriving at the Jail he was joking about needing medical care. See Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that an official must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence but not

---

[6] Plaintiff acknowledges he sustained the alleged injury as a consequence of an accident and not from any intentional act by Newland or Gaddy. Cf. Jabbar v. Fisher, 683 F.3d 54, 57 (2d Cir. 2012). Consequently, this case is clearly distinguishable from Thompson v. Commonwealth, No. 15-7860, slip op. at 18-19 (4th Cir. Dec. 18, 2017). In Thompson, an inmate stated a triable Eighth Amendment excessive force claim against a correctional officer because that officer allegedly drove a transport van with the intent to harm the inmate inside.

7

a claim under the Eighth Amendment). Accordingly, Newland and Gaddy are entitled to qualified immunity and summary judgment for this claim.

Plaintiff fails to establish Nurse Jones' deliberate indifference. While Plaintiff may have wanted to go to a hospital for an X ray, MRI, or CT scan, Nurse Jones evaluated him and referred him to the facility doctor for follow-up. Nurse Jones also sought prescriptions to manage Plaintiff's discomfort and had Plaintiff temporarily reassigned to the medical department for more comfortable bedding during the interim. Nurse Jones lacked the authority to order the sought diagnostic tests, and Plaintiff's disagreement about a course of treatment does not state an actionable claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Accordingly, Nurse Jones is entitled to qualified immunity and summary judgment for this claim.

## C.

Plaintiff fails to present anything more than a conclusory allegation of retaliation. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Plaintiff relies on the word "retaliation" in the complaint, but he fails to describe the retaliatory act, omission, or actor. Accordingly, Defendants are entitled to summary judgment for this claim.

## IV.

For the foregoing reasons, no dispute of material fact exists, and Defendants are entitled to summary judgment.

ENTER: This 22nd day of December, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge